DECISION ON OBJECTION TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Bernie Miller, has filed an original action in mandamus requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio, to vacate its order that denied relator temporary total disability ("TTD") compensation, and to enter an order that adjudicates the motion for TTD compensation based upon the medical evidence of record.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided that a writ of mandamus should be denied.
 {¶ 3} Relator filed an objection to the decision of the magistrate rearguing the conclusion of law regarding whether the doctrine of res judicata compels the commission to enter a finding that relator did not voluntarily abandon his employment with Lincoln Construction Inc. based upon the unemployment compensation review commission's determination that relator was discharged on September 16, 2002 without cause. For the reasons adequately stated in the decision of the magistrate, the objection is overruled.
 {¶ 4} Following an independent review, pursuant to Civ.R. 53, we find that the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained in it. In accordance with that decision, the requested writ is denied.
Objection overruled; writ of mandamus denied.
Bryant and Sadler, JJ., concur.
Deshler, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Bernie Miller, :
 Relator, :
v. : No. 04AP-197
 :
Lincoln Construction Inc. and : (REGULAR CALENDAR)
Industrial Commission of Ohio, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on November 15, 2004 Michael J. Muldoon, for relator.
Bricker Maxfield LLC, and Shane M. Dawson, for respondent Lincoln Construction Inc.
Jim Petro, Attorney General, and Dennis H. Behm, for respondent Industrial Commission of Ohio.
 In Mandamus {¶ 5} In this original action, relator, Bernie Miller, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying his June 30, 2003 motion for temporary total disability ("TTD") compensation on grounds that he voluntarily abandoned his employment on September 16, 2002 when he was fired for insubordination, and to enter an order that adjudicates the motion for TTD compensation based upon the medical evidence of record.
Findings of Fact:
 {¶ 6} 1. On October 29, 2001, relator sustained an industrial injury while employed as a laborer for respondent Lincoln Construction Inc. ("Lincoln"), a state-fund employer. The industrial claim was initially allowed for "sprain left shoulder; sprain left elbow; sprain of left wrist," and assigned claim number 01-483404.
 {¶ 7} 2. Relator continued to work for Lincoln following his industrial injury. On September 16, 2002, while working at a job site, relator was involved in an incident in which his supervisor felt threatened by relator. Consequently, relator was fired by Lincoln effective September 16, 2002, for insubordination.
 {¶ 8} 3. On January 17, 2003, relator moved for the recognition of additional claim allowances. Subsequently, the claim was amended to include "psychogenic pain; depressive disorder."
 {¶ 9} 4. On May 8, 2003, attending psychologist, Michael G. Drown, Ph.D., certified on form C-84 a period of TTD beginning November 15, 2002.
 {¶ 10} 5. On June 30, 2003, relator moved for TTD compensation based upon Dr. Drown's reports.
 {¶ 11} 6. On July 9, 2003, the Ohio Bureau of Workers' Compensation ("bureau") issued an order granting TTD compensation beginning November 15, 2002. Lincoln administratively appealed the bureau's order.
 {¶ 12} 7. Following an October 9, 2003 hearing, a district hearing officer ("DHO") ssued an order denying TTD compensation. Compensation was denied based upon a finding that relator was fired on September 16, 2002, for violating a written work rule. Relator administratively appealed the DHO's order.
 {¶ 13} 8. In the meantime, on June 4, 2003, a hearing officer of the unemployment compensation review commission ("UCRC"), citing R.C.4141.29(D)(2)(a), issued a decision holding that relator was discharged by Lincoln on September 16, 2002, without just cause. Lincoln appealed the decision to the UCRC. On July 24, 2003, the UCRC disallowed Lincoln's request for review.
 {¶ 14} 9. Relator's administrative appeal from the October 9, 2003 DHO's order was heard by a staff hearing officer ("SHO") on November 10, 2003. Thereafter, the SHO issued an order that vacated the DHO's order and granted TTD compensation beginning November 15, 2002.
 {¶ 15} 10. Lincoln administratively appealed the SHO's order of November 10, 2003.
 {¶ 16} 11. The three-member commission heard Lincoln's appeal on January 13, 2004. Following the hearing, the commission issued an order denying relator's June 30, 2003 motion for TTD compensation on grounds that relator voluntarily abandoned his employment with Lincoln on September 16, 2002, when he engaged in conduct for which he was fired. Pertinent here is the following portion of the commission's order:
At the outset of the hearing, the injured worker raised the issue as to whether the Industrial Commission has jurisdiction to consider the nature of the termination of the injured worker's employment on 09/16/2002. The injured worker contended that because the State of Ohio Unemployment Compensation Review Commission found in its decision issued 06/04/2003 that there was no just cause for the employer's termination of the injured worker's employment, then such decision is res judicata and binding upon the Industrial Commission.
The Industrial Commission specifically finds that the 06/04/2003 decision of the Ohio Unemployment Compensation Review Commission does not have res judicata effect and is not binding on the Industrial Commission. The Industrial Commission finds that the doctrine of resjudicata requires identical parties and issues. In this claim, the issue for purposes of the Unemployment Review Commission as to whether the employer had just cause to fire the injured worker is not identical with the issue now presented to the Industrial Commission as to whether the circumstances of the injured worker's firing constitute a voluntary abandonment of his former position of employment under the provisions ofState ex rel. Louisiana-Pacific Corp. v. Industrial Commission (1995)72 Ohio St.3d 401 such as to preclude the payment of temporary total compensation. Accordingly, the Commission finds that it has jurisdiction to address issues relating to injured worker's termination of employment.
(Emphasis sic.)
 {¶ 17} 12. On February 26, 2004, relator, Bernie Miller, filed this mandamus action.
Conclusions of Law:
 {¶ 18} The sole issue presented by relator is whether the doctrine of res judicata compels the commission to enter a finding that he did not voluntarily abandon his employment with Lincoln based upon the UCRC's determination that relator was discharged on September 16, 2002 without just cause.
 {¶ 19} R.C. 4141.281(D)(8) provides the answer. It states:
No finding of fact or law, decision, or order of the director, hearing officer, the commission, or a reviewing court under this section or section 4141.28 of the Revised Code shall be given collateral estoppel or res judicata effect in any separate or subsequent judicial, administrative, or arbitration proceeding, other than a proceeding arising under this chapter.
 {¶ 20} Clearly, R.C. 4141.281(D)(8) prohibits the commission from doing the very act that relator seeks to compel it to perform through this action. See Bussey v. Portsmouth Metro. Housing Auth. (Nov. 30, 1993), Scioto App. No. 92 CA 2059 (former R.C. 4141.28[S] prevents courts from giving unemployment compensation appeals res judicata effect).
 {¶ 21} Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.